IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KELLY NICOLE JONES                                            PLAINTIFF

v.                        No. 4:11-cv-686-DPM-JTK

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                         DEFENDANT

ORDER

Kelly Jones has Crohn's disease and sought benefits. She is in her mid-twenties, attended college for one year, and has worked at a daycare and a dry cleaner. Her Crohn's-related symptoms had been under control thanks to an operation and medication, but they flared up when she had to change her medication during a pregnancy. After a hearing, the ALJ denied Jones's claim, stopping his analysis at step two of the five-step evaluation process. The ALJ concluded that Jones failed to establish that she has a medically determinable impairment that is severe as defined by the regulations. The Appeals Council refused Jones's request for further review; and Jones has appealed to this Court. Jones says that substantial evidence does not support the ALJ's decision. She argues two things: (1) the ALJ should have given more weight to Jones's treating specialist's opinion; and (2) the ALJ erred in evaluating Jones's credibility.

The Court must determine whether substantial evidence supports the ALJ's decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Ibid.* (quotation omitted). The Court looks at the entire record, including evidence that supports and detracts from the ALJ's decision. *Ibid.* But the Court does not re-weigh the evidence and defers to the ALJ's credibility determinations as long as good reasons and substantial evidence support them. *Renstrom*, 680 F.3d at 1064.

The ALJ's opinion describes Jones's lengthy treatment history with Dr. Somashekar Krishna, a gastroenterologist. The medical records show that, after a surgery, Jones's symptoms were controlled with a particular medicine until Jones became pregnant and had to stop taking the medicine. The symptom-free, pre-pregnancy period conflicts with Dr. Krishna's later opinion about Jones's future ability to work and her work limitations. After Jones became pregnant, she switched medicines; there was one flare up, but the new medicine brought her symptoms largely under control. Further, two state agency medical consultants, both doctors, reviewed Jones's records at

different times, and both concluded that Jones could perform work at the medium-exertion level. The ALJ's detailed opinion shows that he did not substitute his own opinion for Dr. Krishna's, but instead carefully weighed all the conflicting medical evidence.

Jones is right: "an ALJ must give a treating physician's medical opinion controlling weight if it is well supported by medically acceptable diagnostic testing and not inconsistent with the other substantial evidence in the record." *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009). But while Dr. Krishna's opinion is generally entitled to special weight, "it does not automatically control, particularly if [Dr. Krishna's] evidence is itself inconsistent." *House v. Astrue*, 500 F.3d 741, 744 (8th Cir. 2007) (quotation omitted). Dr. Krishna's conclusion—Jones could not be able to work at all for twelve to eighteen months after her child was born—lacks sufficient supporting data to give the opinion extra weight. The ALJ did not err by considering Dr. Krishna's medical opinion as one opinion among several. Substantial evidence supports the ALJ's conclusion that Jones does not have a severe impairment that significantly limits her ability to perform basic work activities.

Substantial evidence likewise supports the ALJ's decision to discount Jones's description of the intensity, persistence, and limiting effects of her Crohn's symptoms. As noted, the ALJ's opinion discusses the medical records in detail. These records — particularly the pre-pregnancy records — do not square with Jones's statements about the effects of her Crohn's disease. This gap provides support for the ALJ's credibility determination. *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008) (discussing ALJ's application of *Polaski* considerations). The Court defers to the ALJ's credibility determination because good reasons and substantial evidence support his conclusion.

\* \* \*

The Court affirms the denial of benefits. Jones's complaint, *Document No. 2*, is dismissed with prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

24 August 2012